COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone:  (302) 739-4397
Facsimile:  (302) 739-6179

Date Submitted: September 10, 2019
Date Decided:  December 4, 2019

Kenneth J. Nachbar, Esquire
Lauren Neal Bennett, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE  19801

Brian C. Ralston, Esquire
Aaron R. Sims, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE  19801

Re:    *Greenstar IH Rep, LLC and Gary Segal v. Tutor Perini Corporation*
        C.A.  No. 12885-VCS

Dear Counsel:

I have reviewed Plaintiffs' Application for Attorneys' Fees and Expenses (the

"Application") (D.I. 209).  For the reasons that follow, the Application is granted.

## I.  Background

On March 11, 2019, the Court issued an oral ruling addressing, among other

motions, Plaintiffs' Motion for Evidentiary Relief (D.I. 129).[1]  As part of that ruling,

I concluded that "the cost of preparing the motion for evidentiary

---

[1] Telephonic Oral Arg. and Bench Ruling Tr. ("Tr.") at 76 (D.I. 171).

relief . . . justifiably should be borne by the Defendant."[2]  Plaintiffs submitted a proposed Implementing Order on March 21, which I entered that day.[3]  The Implementing Order required Defendant to pay some of Plaintiffs' deposition expenses and to "pay Plaintiffs' reasonable attorneys' fees and expenses incurred in connection with preparing their Motion for Evidentiary Relief."[4]  The fees and costs requested by Plaintiffs are tallied below:[5]

| LAW FIRM | FEES | COSTS |
| --- | --- | --- |
| Morris, Nichols, Arsht & Tunnell LLP | $45,017.46 | $5,424.28 |
| Mintz & Gold LLP | $1,994.40 | $0.00 |
| **TOTAL** | **$47,011.86** | **$5,424.28** |

---

[2] *Id.* at 78.

[3] Proposed Order Governing Pls.' Mot. for Evidentiary Relief, Tutor Perini Corp.'s Mot. for Protective Order and Pls.' Mot. to De-Designate Portions of the Dep. of Ronald Tutor (D.I. 160).

[4] *Id.* at 4.

[5] Pls.' Appl. for Att'ys' Fees and Expenses ("Pls.' Appl.") (D.I. 209) ¶¶ 4–5 (citing Declarations of Kenneth J. Nachbar and Amit Sondhi).

On July 31, Plaintiffs provided Defendant with redacted timesheets as support for the requested fees and expenses as authorized by the Implementing Order.[6] Defendant raised certain objections and, in response, Plaintiffs agreed to withdraw their request for fees associated with preparing and arguing two motions not addressed in the Implementing Order.[7] Certain of Defendants' objections remain unresolved and are now joined for decision.

## II. Analysis

Defendant raises two objections to Plaintiffs' requested fees. Neither objection has merit.

*First*, Defendant argues "the language of the Court's March 11 ruling and the [Implementing] Order [does not entitle Plaintiffs] to recover fees and expenses for preparing for argument on the Motion, arguing the Motion, and listening to argument on the motion."[8] I disagree. In my bench ruling, I stated, "the cost of preparing the

---

[6] *Id.* at Ex. 1

[7] Def.'s Opp'n to Pls.' Appl. For Att'ys' Fees and Expenses ("Def.'s Opp'n") (D.I. 217) ¶ 6 (citing Pls.' Appl. Ex. 1 at 1–2, 4–5).

[8] Def.'s Opp'n ¶ 9.

motion . . . I think, justifiably should be borne by the [D]efendant."[9]  That ruling rested on Court of Chancery Rule 37, which provides, in part, that when the court grants a motion to compel, "the Court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party the *reasonable expenses incurred in obtaining the order.*"[10]  When the court requires oral argument on a motion to compel, the "reasonable expenses incurred in obtaining the order" include the fees and expenses incurred in preparing for and presenting oral argument. To hold otherwise would penalize the prevailing party by requiring him to present the motion to compel at a hearing but denying him recoupment of the costs incurred in doing so.  Defendant cites no authority for the proposition that Rule 37 somehow distinguishes between fees generated when preparing a written motion and those generated when preparing for and attending a court-ordered hearing on the motion. The dearth of authority reflects the obvious—both are recoverable.

*Second*, Tutor Perini argues, "even if the Court finds that fees and expenses related to the argument are warranted, it is unreasonable to require Tutor Perini to

---

[9] Tr. at 78.

[10] Emphasis supplied.

pay the fees of five of Plaintiffs' attorneys when only one of those attorneys prepared for and argued the Motion."[11] In this regard, Defendant attacks the reasonableness of $3,022.56 of Plaintiffs' fees incurred "for the mere attendance of four attorneys at the March 11 hearing."[12]

In response, Plaintiffs argue that all attorneys present at the oral argument either drafted the motion, were actively involved in document and deposition discovery or drafted the pretrial brief that was in the works at the time of the hearing. The evidentiary motion had significant strategic implications for Plaintiffs' pretrial briefs because a substantial segment of the case turned on each party's ability to produce and process accounting documents—some of which were at issue in the hearing.[13]

In arguing that the fees submitted by Plaintiffs' counsel are excessive, Defendant cites *Richmont Capital Partners I, L.P. v. J.R. Investment Corp.*, which analyzed the reasonableness of a defendant's fees incurred in answering a complaint

---

[11] Def.'s Opp'n ¶ 9.

[12] *Id.* at ¶ 15.

[13] Pls.' Reply in Further Supp. of their Appl. for Att'ys' Fees and Expenses (D.I. 218) ¶ 4.

after a plaintiff voluntarily dismissed a case under Court of Chancery Rule 41(a)(2).[14] There, the court reviewed the reasonableness of fees under Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct. That rule instructs courts to evaluate the reasonableness of fees looking to, among other factors, the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal services, the fee customarily charged in the locality for similar legal services, the nature and length of the professional relationship with the client and the experience, reputation and ability of the lawyer or lawyers performing the services. Of particular relevance, the court noted that, "[w]hen considering attorneys' fees, a court should greet with healthy skepticism a claim that several lawyers were required to perform a single set of tasks and may discount the time for two or three lawyers in a courtroom or conference when one would do."[15]

After reviewing Plaintiffs' fees with "healthy skepticism," I conclude that the fees requested are reasonable. The four attorneys Defendant questions generated

---

[14] 2004 WL 1152295, at *3 (Del. Ch. May 20, 2004).

[15] *Id.* (internal citations and quotation omitted).

$3,022.56 of fees in connection with the contested discovery motion—a reasonable ask given the Delaware legal market, the proximity of the motion to an important trial and the fact that the outcome of the motion would likely impact Plaintiffs' pretrial briefing strategy. The motion concerned Plaintiffs' ability to access certain expense information that would be directly at issue in the upcoming trial. It was reasonable, therefore, to have the attorneys who would be conducting discovery, drafting pretrial briefs and trying the case observe the hearing first hand rather than having to read a cold transcript of the hearing (for which they justifiably would have billed the client).

Based on the foregoing, the Application is GRANTED. Defendant shall pay Plaintiffs' fees and expenses in the amount of $52,436.14 within twenty (20) days.[16]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[16] Plaintiffs also request that the Court award fees incurred in bringing the Application. (D.I. 209 at 6, n.4). Given the weakness of the grounds for opposing the Application, I agree that reasonable "fees on fees" are appropriate here. The parties shall confer on a form of implementing order that includes a reasonable amount for "fees on fees."